IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Heather C. Hoffman, | ) | Civil Action No. 9:18-1145-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Charter Communications, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending this action be summarily dismissed, and Plaintiff's motion for leave to amend the complaint. For the reasons set forth below, the Court adopts the Report and Recommendation, denies the motion for leave to amend, and dismisses this action without prejudice.

I. **Background**

Plaintiff, proceeding *pro se*, alleges Charter Communications, also known as Time Warner Cable (acquired by Charter in May 2016) or Spectrum (Charter's branding for its residential services), raised her rates for cable television service by ten dollars and her rates for home internet service by five dollars without providing thirty days' advance written notice. She also alleges Charter provided a false reason for the increase when it told her that she had been receiving a promotional rate. Plaintiff filed the present action on April 26, 2018, asserting a claim under the South Carolina Unfair Trade Practices Act ("SCUTPA") against Charter. Although only a state-law cause of action is asserted, Plaintiff asserts this Court's federal question jurisdiction. The Magistrate Judge recommended summary dismissal for lack of subject-matter jurisdiction on May 23, 2018. Plaintiff responded to the Report and Recommendation by filing a motion for leave to

amend the complaint to add references to federal criminal statutes regarding mail fraud and wire fraud and to purport to assert a fraud claim under Rule 9 of the Federal Rules of Civil Procedure or Section Five of the Federal Trade Commission Act (15 U.S.C. § 45).

## II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III. **Discussion**

Federal courts are courts of limited jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court may *sua sponte* determine if a valid basis for jurisdiction exists, and must "dismiss the action if no such ground appears." *Id.* at 352. One basis for jurisdiction is federal question jurisdiction, which is "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "the presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,'

which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In limited circumstances, federal jurisdiction may also exist over state law claims that "implicate significant federal issues" that are substantial and actually contested, if federal jurisdiction would not upset the "balance between federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311–12 (2005). But a private right of action "to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

The Court agrees with the Magistrate Judge that the complaint on its face asserts a state-law SCUTPA claim, not a federal claim. Generally, a suit arises under the law that creates the cause of action. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Apparently attempting to show this action implicates "significant federal issues," the complaint extensively references certain federal regulations (47 C.F.R. §§ 76.1603 & 76.16019) governing cable television notice of service and rate changes and information required on cable television subscriber bills. But, as the Magistrate Judge notes, those regulations provide no private cause of action and "if the sole federal statute referenced by Plaintiff provides no federal cause of action, then it can hardly be said that Plaintiff is casting a federal law claim—any such claim would be non-existent." *McKnight v. Surgical Assoc. of Myrtle Beach LLC*, Case No. 4:11–cv–2782–RBH, 2011 WL 5869800, *5–6 (D.S.C. Nov. 18, 2011). The Court therefore agrees with the Magistrate Judge's recommendation that there is no federal subject-matter jurisdiction over this action.

While leave to amend should be freely granted, it is not granted where the proposed amended complaint is futile on its face. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Federal criminal statutes regarding mail fraud or wire fraud do not provide a

private cause of action in federal court. *Jones v. Luthi*, 586 F. Supp. 2d 595, 616 (D.S.C. 2008). Section Five of the Federal Trade Commission Act does not provide a private cause of action. *Id.* The Federal Rules of Civil Procedure do not create substantive rights and cannot provide a federal cause of action. *See* 28 U.S.C. § 2072. Plaintiff's attempt to assert causes of action under these statutes or rules is futile. The Court therefore denies the motion for leave to amend the complaint.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 19) as the Order of the Court, **DENIES** the motion for leave to amend (Dkt. No. 22), and **DISMISSES WITHOUT PREJUDICE** the complaint.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 12, 2018
Charleston, South Carolina